UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONALD WEBSTER                                                         CIVIL ACTION

VERSUS                                                                 No. 07-4812

STATE FARM FIRE & CASUALTY INSURANCE CO.                               SECTION: I/1

ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed on behalf of defendant, State Farm Fire and Casualty Company ("State Farm"), asking the Court to rule that the 2006 amendments to La. Rev. Stat. Ann. § 22:658 do not apply and that there is no statutory basis for recovery of attorney's fees in the above-captioned matter.[1]  For the following reasons, the motion is **GRANTED**.

*BACKGROUND*

Plaintiff, Ronald Webster ("Webster"), owns property in Meraux, Louisiana, that was damaged when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[2]

---

[1] R. Doc. No. 28.

[2] R. Doc. No. 1, compl. ¶¶ 2, 4.

During the relevant time period, Webster held a homeowner's insurance policy with State Farm.[3] Webster alleges that, as a result of Hurricane Katrina, his home, garage, patio, gate, and contents were severely damaged by significant wind and wind-blown rain.[4]

Webster filed this lawsuit on August 28, 2007, bringing claims against State Farm pursuant to La. Rev. Stat. Ann. §§ 22:658 and 1220 for breach of its duty of good faith and fair dealing, breach of its duty to fairly and promptly adjust claims, and breach of its duty to make a reasonable effort to settle.[5] Webster argues that State Farm, after receiving satisfactory proof of loss, arbitrarily and capriciously failed to pay the amount of the claim due within thirty days, for purposes of § 22:658, or sixty days, for purposes of § 22:1220.[6] Webster further alleges breach of the insurance contract, a violation of La. Civil Code article 1997, and a violation of § 22:658.2.[7]

On April 8, 2008, State Farm filed this motion for partial summary judgment, arguing that the pre-amendment version of § 22:658 should apply in this case because that section is not retroactive and prospective application of the section cannot be based upon allegations of a

---

[3] *Id.* ¶ 3.

[4] *Id.* ¶¶ 5-6.

[5] *Id.* ¶¶ 16-19, 23-26.

[6] *Id.* ¶¶ 17-18.

[7] *Id.* ¶¶ 13-15, 20-22. Section 22:658.2 provides in pertinent part:
    A. (1) No insurer shall use the floodwater mark on a covered structure without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.
    (2) No insurer shall use the fact that a home is removed or displaced from its foundation without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.
La. Rev. Stat. Ann. § 22:658.2 (Supp. 2006).

continuing violation.[8]  Furthermore, State Farm contends that Webster has no other statutory basis for his request for attorney's fees.[9]  Webster responds that a genuine issue of material fact exists as to whether State Farm's actions after August 15, 2006, *i.e.*, after the effective date of the amendment to § 22:658, trigger the amended version of that section.[10]

## *LAW AND ANALYSIS*

**I.     Standard of Law**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).[11]  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

---

[8] R. Doc. No. 28-4, mem. supp.

[9] *Id.* at 16-17.

[10] R. Doc. No. 36, mem. opp'n at 2.

[11] The *Federal Rules of Civil Procedure*, including Rule 56, were amended on December 1, 2007, in order to make the rules "more easily understood and to make style and terminology consistent throughout."  Fed. R. Civ. P. 56 advisory committee's note (2007 Amendment).  The changes "are intended to be stylistic only," rather than substantive.  *Id.*

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

**II.   Discussion**

*A.   Louisiana Revised Statute § 22:658*

State Farm seeks, in this motion for partial summary judgment, a ruling that the pre-amendment version of § 22:658 is applicable in the above-captioned case. Section 22:658, as amended and as previously enacted, provides a penalty for bad faith failure to timely pay a

claim.¹² In June 2006, the Louisiana Legislature passed an amendment that increased the penalty recoverable under that section from twenty-five percent to fifty percent of the amount claimant is owed and it reinstated a provision for reasonable attorney's fees and costs. *See* 2006 La. Acts No. 813 § 1. These changes went into effect on August 15, 2006, and are not applied retroactively.¹³ *See Sher v. Lafayette Ins. Co.*, Nos. 07-C-2441, 07-C-2443, 2008 WL 928486, at *10-11, (La. Apr. 8, 2008); *see also, e.g.*, *Ferguson v. State Farm Ins. Co.*, Civil Action No. 06-3936, 2007 WL 1378507, at *3 (E.D. La. May 9, 2007) (Berrigan, C.J.) (*citing Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 728-29 (La. Ct. App. 2006)); *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774, 2007 WL 1017341, at *3 (E.D. La. Mar. 28, 2007) (Vance, J.).

Although an insurer has a continuing duty of good faith and fair dealing in the adjustment of claims, "[t]he law in effect at the time appellants' cause of action arose is the law which is applied to their case." *McDuffie v. ACandS, Inc.*, 781 So. 2d 623, 625 (La. Ct. App. 2001), *quoted in Aronson v. State Farm Fire & Cas, Co.*, 969 So. 2d 671, 681 (La. Ct. App. 2007); *see Sher*, 2008 WL 928486, at *7-9. "[A]n insured's right to a penalty under § 658 comes into existence only after the insurer fails to pay a claim within thirty (30) days of receiving satisfactory proof of loss." *Madere v. State Farm Fire & Cas. Co.*, Civil Action No. 06-2889, 2007 WL 1655553, at *2 (E.D. La. June 5, 2007) (Duval, J.).

---

¹² Section 22:658(B)(1) now provides in pertinent part:
   Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proof of loss of that claim . . . or failure to make such payment within thirty days after written agreement or settlement . . . , when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of loss . . . .

¹³ Both parties agree that the 2006 amendments are not retroactive. Mem. supp. at 7-12; mem. opp'n at 1.

The cause of action and, therefore, an insured's right to recover, comes into existence when and if the insurer fails to pay thirty days after receiving satisfactory proof of loss. *See Sher*, 2008 WL 928486, at *9; *Aronson*, 969 So. 2d at 681 ("Even though [the defendant's] failure to pay the [plaintiffs'] claims extended beyond the effective date of the 2006 amendments to [§ 22:658], their cause of action arose prior to the effective date."); *McKenney v. Allstate Ins. Co.*, Civil Action No. 06-2882, 2007 WL 1139601, at *1 (E.D. La. Apr. 16, 2007) (Berrigan, C.J.) (holding that the argument that Allstate's continuous violations and unreasonable denial of the claim exposed Allstate to liability pursuant to the amended version of § 22:658 was without merit).

Plaintiff's cause of action can arise in one of three ways: (1) when the complaint is filed if satisfactory proof of loss was not provided prior to the filing of the complaint; (2) when the plaintiff provides satisfactory proof of loss and the defendant fails to pay; or (3) when the plaintiff has provided satisfactory proof of loss and has been paid for some damage, new damage is discovered, satisfactory proof of loss is provided to the defendant after such discovery, and the defendant fails to pay. *See Sher*, 2008 WL 928486, at *9.

Webster's cause of action did not arise when he filed his complaint because he previously provided State Farm with a proof of loss.[14] Concerning the second way that a cause of action pursuant to § 22:658 can arise, Webster has not provided the Court with any summary judgment evidence showing that Webster submitted satisfactory proof of loss to State Farm at any time after the effective date of the amendment or that State Farm failed to pay within thirty days after receiving such. Webster also has not provided the Court with any summary judgment evidence

---

[14] Compl. ¶ 10.

that damage, previously undiscovered, was made known to State Farm after the effective date of the amendment to § 22:658 or that State Farm failed to pay for the newly discovered damage. Webster has not, therefore, submitted any evidence showing that the post-amendment version of § 22:658 should apply. The pre-amendment version of § 22:658 does not contain a provision allowing for the recovery of attorney's fees and cannot serve as the basis for Webster's request for attorney's fees.

B.   *Louisiana Revised Statute § 22:1220*

Section 22:1220 does not provide compensation for attorney's fees.[15] *See, e.g.*, *Calogero v. Safeway Ins. Co. of La.*, 753 So. 2d 170, 174 (La. 2000). Therefore, any claim made by Webster for attorney's fees pursuant to this section should be dismissed.

Webster does not allege attorney's fees pursuant to any other statutory section or legal theory and he is, therefore, not entitled to receive attorney's fees.

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment filed by defendant, State Farm Fire and Casualty Company,[16] is **GRANTED**. Plaintiff's claims against State Farm

---

[15] Section 1220 provides in pertinent part:
>    A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>    . . . .
>    C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

[16] R. Doc. No. 28.

for attorney's fees are **DISMISSED WITH PREJUDICE**.  Further, plaintiff's claim against State Farm pursuant to the post-amendment version of § 22:658 is **DISMISSED WITH PREJUDICE**.

    New Orleans, Louisiana, May 12, 2008.

                                          **LANCE M. AFRICK**
                                    **UNITED STATES DISTRICT JUDGE**