UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RONALD WEBSTER                                                   CIVIL ACTION

VERSUS                                                             No. 07-4812

STATE FARM FIRE & CASUALTY INSURANCE CO.            SECTION:  I/1


<u>ORDER AND REASONS</u>

Before the Court is a motion for summary judgment filed on behalf defendant, State Farm

Fire and Casualty Company, to dismiss plaintiff's claims for structural damage to his property.[1]

For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.


*BACKGROUND*

Plaintiff, Ronald Webster ("Webster"), owns property in Meraux, Louisiana, that was

damaged when Hurricane Katrina made landfall in the New Orleans area on August 29, 2005.[2]

During the relevant time period, Webster held a homeowner's insurance policy with State Farm.[3]

Webster also held, during this time period, a flood insurance policy with Allstate Insurance

---

[1] R. Doc. No. 27.

[2] R. Doc. No. 1, compl. ¶¶ 2, 4.

[3] *Id.* ¶ 3.

Company.[4]  Webster alleges that, as a result of Hurricane Katrina, his home, garage, patio, gate, and contents were severely damaged by significant wind and wind-blown rain.[5]

Webster filed this lawsuit on August 28, 2007, filing claims against State Farm pursuant to La. Rev. Stat. Ann. §§ 22:658 and 1220 for breach of its duty of good faith and fair dealing, breach of its duty to fairly and promptly adjust claims, and breach of its duty to make a reasonable effort to settle.[6]  Webster argues that State Farm, after receiving satisfactory proof of loss, arbitrarily and capriciously failed to pay the amount of the claim due within thirty days, for purposes of § 22:658, or sixty days, for purposes of § 22:1220.[7]  Webster further alleges breach of the insurance contract, a violation of La. Civil Code article 1997, and a violation of § 22:658.2.[8]  Webster seeks, *inter alia*, damages sustained as a result of State Farm's breach of the insurance contract, including the limits of structural damage coverage under his homeowner's insurance policy.[9]

On April 8, 2008, State Farm filed this motion for summary judgment, arguing that Webster cannot prove that he is entitled to recover money under the homeowner's policy for

---

[4] R. Doc. No. 27-6, mot. summ. j., ex. C, Allstate flood insurance declarations page.

[5] Compl. ¶¶ 5-6.

[6] *Id.* ¶¶ 16-19, 23-26.

[7] *Id.* ¶¶ 17-18.

[8] *Id.* ¶¶ 13-15, 20-22.  Section 22:658.2 provides in pertinent part:
   A.  (1) No insurer shall use the floodwater mark on a covered structure without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.
   (2) No insurer shall use the fact that a home is removed or displaced from its foundation without considering other evidence, when determining whether a loss is covered or not covered under a homeowners' insurance policy.
La. Rev. Stat. Ann. § 22:658.2 (Supp. 2006).

[9] Compl. ¶¶ 13-15.

structural damage.[10]  State Farm contends that Webster cannot prove these damages because:  (1) Webster is not entitled to a double recovery, (2) State Farm is entitled to an offset for payments previously made pursuant to Webster's flood insurance policy, (3) Louisiana's Valued Policy Law ("VPL") does not apply to Webster's claim, and (4) Webster is estopped from claiming a total covered loss under his homeowner's policy because he accepted payments pursuant to his flood insurance policy.[11]

Webster argues that an offset for the previously received flood insurance payments is prohibited by:  (1) Louisiana's VPL, (2) State Farm's duty of good faith and fair dealing, (3) the burden of proof set out in La. Rev. Stat. 22:658.2, (4) Louisiana Civil Code article 1978, (5) Louisiana contract interpretation principles, (5) the collateral source rule, and (6) the National Flood Insurance Program's ("NFIP") decisionmaking process.[12]  Webster also asks the Court to defer its ruling until after the Louisiana Supreme Court rules on VPL and offset issues.[13]  Finally, Webster argues that he is not collaterally estopped from seeking homeowner's policy benefits based upon his receipt of flood policy benefits.[14]

---

[10] R. Doc. No. 27-3, mem. supp.

[11] *Id.*

[12] R. Doc. No. 35, mem. opp'n.

[13] *Id.* at 2-3.

[14] *Id.* at 22-23.

*LAW AND ANALYSIS*

## I.      Standard of Law

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c).[15]  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case.  *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact

---

[15] The *Federal Rules of Civil Procedure*, including Rule 56, were amended on December 1, 2007, in order to make the rules "more easily understood and to make style and terminology consistent throughout."  Fed. R. Civ. P. 56 advisory committee's note (2007 Amendment).  The changes "are intended to be stylistic only," rather than substantive.  *Id.*

exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211-12 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255, 106 S. Ct. at 2513, 91 L. Ed. 2d at 216; *see Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731, 741 (1999).

## II.   Discussion

A.    *Double Recovery and Offset for Flood Payments*

It is a well-established legal principle that insurance contracts are contracts of indemnity and an insured cannot recover for the same loss twice. *See, e.g.*, *Weiss v. Allstate Ins. Co.*, Civil Action No. 06-3774, 2007 WL 891869, at *3 (E.D. La. Mar. 21, 2007) (Vance, J.); *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1080 (La. 1992) ("As a general rule, the claimant may recover under all available coverages provided that there is no double recovery."); *Wright v. Assurance Co. of Am.*, 728 So. 2d 974, 975 (La. Ct. App. 1999). State Farm argues that it is entitled to an offset, or credit, for the amount Webster was previously paid pursuant to his flood insurance policy.

As stated in *Esposito v. Allstate Ins. Co.*, Webster "is entitled to recover in this lawsuit any *previously uncompensated* losses that are covered by his homeowner's policy *and which when combined with his flood proceeds do not exceed the value of his property*." Civil Action

No. 06-1837, 2007 WL 1125761, at *2 (E.D. La. Apr. 16, 2007) (Zainey, J.).[16]  Therefore, "[t]he well-established propositions that insurance contracts are contracts of indemnity and that an insured cannot recover an amount greater than her loss support the result State Farm seeks only if the facts as to the value of plaintiffs' home and contents and the cause of their total loss are resolved in State Farm's favor."  *Broussard v. State Farm Fire & Cas. Co.*, Civil Action No. 06-8084, 2007 WL 2264535, at *5 (E.D. La. Aug. 2, 2007) (Vance, J.).

There is nothing that conclusively establishes the value of Webster's property. Therefore, the Court cannot determine that Webster is limited to a specific amount of damages. *See Broussard*, 2007 WL 2264535, at *5 ("The Court is therefore not presented with undisputed evidence that conclusively establishes the value of plaintiffs' home and contents. . . .  Thus, on this record, the Court cannot find as a matter of law that plaintiffs are limited to a specific recovery based on the defendant's asserted valuation of plaintiffs' property.").  Factual disputes as to the replacement cost of the property and the cause of the damage are questions for the jury to determine.  *See Ferguson v. State Farm Ins. Co.*, Civil Action No. 06-3936, 2007 WL 1378507, at * 3 (E.D. La. May 9, 2007) (Berrigan, C.J.).[17]

B.    *Louisiana's Valued Policy Law and Estoppel*

State Farm next argues that Louisiana's VPL does not apply to Webster's claims. Webster contends that the VPL is applicable to his case and that the VPL prohibits an offset for

---

[16] Of course, Webster cannot recover from State Farm more than the maximum amount payable under his homeowner's policy.

[17] The Court's determination that Webster is not entitled to double recovery does not affect the burden of proof outlined in La. Rev. Stat. Ann. § 22:658.2, nor does it disregard Louisiana rules of contract interpretation. Therefore, Webster's arguments in these respects are not relevant to this discussion.

flood payments.

The United States Court of Appeals for the Fifth Circuit has unequivocally held that "Louisiana's VPL does not apply when a total loss does not result from a covered peril." *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 241 (5th Cir. 2007). Webster has received the limits under his flood insurance policy for damage to his property caused by flood.[18] Because Webster accepted these flood payments, he cannot now claim that the loss to his property was caused solely by wind, thereby triggering Louisiana's VPL. *See, e.g.*, *Ragas v. State Farm Fire & Cas. Co.*, Civil Action No. 07-1143, 2008 WL 425536, at *6 (E.D. La. Feb. 11, 2008) (Engelhardt, J.) ("Flood insurance benefits were not mistakenly made to [the plaintiff] for the flood damage to her home. This Court will not permit her to retain those funds while seeking damages under her homeowner's policy for the very same losses for which she has already been compensated under her flood policy."); *Mui v. State Farm Fire & Cas. Co.*, Civil Action No. 06-8238, R. Doc. No. 29 (E.D. La. filed July 26, 2007) ("By accepting the flood proceeds[,] Plaintiffs tacitly confirmed that the damages identified were caused by flood. . . . Plaintiffs cannot obtain a double recovery by reclassifying damages previously attributed to flood, and paid for under a flood policy, as now being attributable to wind.").

State Farm also argues that Webster should be estopped from arguing that his property was a total loss as a result of wind and wind-driven range.[19] As just discussed, Webster cannot

---

[18] R. Doc. No. 27-6, mot. summ. j., ex. D, Amy Webster dep. at 18.

[19] Webster argues that "collateral estoppel" is not recognized in Louisiana and that, even if it was, it would be inapplicable in this case. However, State Farm is not claiming that Webster is collaterally estopped from seeking damages pursuant to his homeowner's policy. Rather, State Farm is arguing that Webster cannot claim that his property was damaged solely by a covered peril after acknowledging, by acceptance of flood payments, that flood damaged at least a portion of the property.

claim that his property was rendered a total loss due to a covered peril because he accepted flood payments.  However,

> no policy provision or legal principle prevents plaintiffs from recovering for previously uncompensated, covered damage, without reference to the amount received under their flood policy, so long as the combined recovery does not exceed the value of their property.

*Broussard*, 2007 WL 2264535, at *4 (citation omitted); *see Wellmeyer v. Allstate Ins. Co.*, Civil Action No. 06-1585, 2007 WL 1235042, at *2 (E.D. La. Apr. 26, 2007) (Feldman, J.) ("[N]othing bars the [plaintiffs] from collecting under their homeowner's policy for wind damage and from collecting under their flood policy for flood damage if they can segregate and prove the two types of damages."); *Ferguson*, 2007 WL 1378507, at * 2 (finding that the plaintiffs were not estopped from making a claim pursuant to their homeowner's policy, despite the fact that the plaintiffs received full flood policy limits pursuant to their flood policy).

   Webster is, therefore, not estopped from making a claim pursuant to his homeowner's policy.  However, the Court notes that Webster "is not entitled to obtain a windfall double recovery by now recharacterizing as wind damage those losses for which he has already been compensated by previously attributing them to flood waters."  *Esposito*, 2007 WL 1125761, at *2.[20]

---

[20] Webster's remaining arguments do not change the Court's decision.  Webster argues that allowing an offset for flood payments will alleviate State Farm's good faith duty to timely adjust his claims.  Webster's recovery pursuant to his flood policy does not absolve State Farm of its responsibility to timely adjust Webster's homeowner's claims.

   Webster also contends that Louisiana Civil Code article 1978, which provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary," precludes an offset.  Webster argues that, in order for a contract to inure a benefit to a third party, the contract must clearly state such intention.  Webster states that, because a flood offset would benefit the homeowner's insurer, the flood policy must clearly state the intention to benefit State Farm as homeowner's insurer.

   Although the flood policy language does not articulate such an intention, disallowing Webster the opportunity to recover twice, pursuant to two separate insurance policies, for the same damage does not, contrary to

Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment[21] is **GRANTED IN PART AND DENIED IN PART**.  **IT IS GRANTED** in that any claims made by plaintiff pursuant to Louisiana's Valued Policy Law and any claims made that the property was rendered a total loss by a covered peril are **DISMISSED WITH PREJUDICE**.  Any other claims for summary judgment urged by defendant are **DENIED**.

New Orleans, Louisiana, May 13, 2008.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

his argument, benefit the homeowner's insurer.  Rather, it only enforces the homeowner's insurance contract entered into by the parties.

Webster next claims that State Farm is not entitled to a flood offset because of the collateral source rule.  Because insurance contracts are contracts of indemnity and do not allow double recovery, the collateral source rule cannot be used to permit Webster to recover for the same losses under both policies.  *See, e.g.*, *Metoyer v. Auto Club Family Ins. Co.*, 536 F. Supp. 2d 664, 671 (E.D. La. 2008) (Barbier, J.); *Naccari v. State Farm Fire & Cas. Co.*, Civil Action No. 06-9455, 2007 WL 4374226, at *2 (E.D. La. Dec. 13, 2007) (Berrigan, C.J.).

Finally, Webster argues that because the goal of the NFIP was to "alleviate economic hardships" on homeowners due to Hurricane Katrina, State Farm, as a homeowner's insurer, should not be able to reap the benefits of this policy.  As stated, not holding State Farm financially responsible for damage caused by a noncovered peril is consistent with provisions in the homeowner's insurance policy.

[21] R. Doc. No. 27.